Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>CHANDRAMAULI AMIN,<br><br>               Defendant. | **JURY TRIAL DEMANDED**<br><br>Case No. 2:17-cv-01233-CCC-MF<br><br>**NOTICE OF MOTION**<br>**PLAINTIFF'S MOTION TO STRIKE AFFRIMATIVE DEFENSES AND IMPROPER DISCOVERY DEMANDS** |

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and Local Rule 7.1, hereby moves for the entry of an order striking or summarily dismissing Affirmative Defenses and Striking Improper State Court Demands, filed by Defendant, Chandramauli Amin ("Defendant" or "Amin"), and files this Notice of Motion:

      1.     A court has broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f). Rule 12(f) states that a court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *See*, Fed. R. Civ. P. 12(f). A defense will be stricken if it is insufficient as a matter of law. *Id.*

1

2. Defendant's ¶¶1-34 Affirmative Defenses are duplicative, unsupported, wholly conclusory and has not given plaintiff "fair notice of the nature of the defense." *Vazquez v. Triad Media Sols., Inc.*, No. 15-cv-07220 (WHW)(CLW), 2016 U.S. Dist. LEXIS 3912, at *7-8 (D.N.J. Jan. 13, 2016).

3. While an affirmative defense "does not need to meet the *Iqbal/Twombly* plausibility standard, the pleading must still give plaintiffs 'fair notice' of the defense." *Id.*

4. Courts have held that "fair notice requires more than a mere rote recitation of generally available affirmative defenses without citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the case in any way." *Id.*

5. Based Defendant's duplicative, unsupported, and conclusory Affirmative Defenses, Plaintiff has no way of knowing how Defendant may challenge the complaint on the basis of those affirmative defenses stated ¶¶1-34.

6. Because Plaintiff would be prejudiced by having to respond without fair notice of the nature of the defense, the Court should strike Defendant's 1-35 Affirmative Defenses.

7. Further, Defendant's Answer and Affirmative Defenses includes New Jersey State Court Rule 4:5-2 and 4:18-2 demands for damages statement and discovery which are inapplicable in this federal court proceeding and must be stricken.

8. A brief in support of this motion and proposed order are filed contemporaneously herewith.

9. Pursuant to Local Rule 7.1, this motion is made returnable before Honorable Judge Claire C. Cecchi on the motion day February 5, 2018.

10. Plaintiff does not request oral argument.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A) Granting Plaintiff's Motion to Strike or Summarily Dismiss Defendant's Affirmative Defenses;

(B) Striking or summarily dismissing Defendant's Affirmative Defenses;

(C) Striking Defendant's New Jersey State Court Rules 4:5-2 and 4:18-2 demands; and,

(C) Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: December 27, 2017

Respectfully submitted,

By: /s/ *Patrick J. Cerillo*
Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all parties through this system. I further certify that I have mailed the foregoing document via U.S. Mail to Chandramauli Amin at 3 Fairmount Road, Parsippany, NJ 07054.

By: /s/ *Patrick J. Cerillo*